CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 24, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ALLISON STACY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:24-cv-00743** |
| | ) | |
| **SWVRJA, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

**MEMORANDUM OPINION**

Plaintiff Allison Stacy, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Stacy names the Southwest Virginia Regional Jail Authority (SWVRJA), an entity she calls "Medical," and Counselor Trish Sutherland as defendants. This action will be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

At all relevant times, Stacy was incarcerated at the Southwest Virginia Regional Jail Facility in Haysi, Virginia. Stacy alleges that while incarcerated there, she learned that her father had died. She further alleges that a counselor at the jail—presumably Counselor Sutherland—gave a correctional officer an obituary to give to Stacy, but that the obituary was for "the wrong person[.]" Dkt. No. 1, at 2. According to Stacy, she was housed in a cell by herself when she learned of her father's death, and when Stacy told an officer at the jail that she "needed a roommate during this horrible time," Stacy was told that she "was tough" and that she "would be alright[.]" *Id.* Additionally, Stacy claims that she was on lockdown for 20 hours per day which prevented her from receiving certain medical attention.

"Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir.

2015). However, the court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief could be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Stacy cannot prevail in a § 1983 claim against the SWVRJA. "[A] governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a 'moving force' behind" an alleged deprivation of rights, which requires a showing that "the entity's official policy or custom must have played a part in the alleged violation of federal law." *Rabara v. SWVRJA*, No. 7:20-cv-00649, 2021 WL 149860, at *1 (W.D. Va. Jan. 15, 2021) (internal citations omitted). Here, the only potential official policy or custom that Stacy mentions in her Complaint is the jail's lockdown policy, which she claims prevented her from receiving medical treatment. But Stacy "does not allege what medical treatment [she] needed or why [she] needed the treatment," and accordingly has failed to allege an underlying constitutional violation against the SWVRJA. *Young v. Bonner*, No. 2:20-cv-02614, 2021 WL 4699089, at *3 (W.D. Tenn. Oct. 7, 2021) (citing *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895-97 (6th Cir. 2004)). And if Stacy meant to sue the jail itself, a local jail facility cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail.").

Stacy's claims against the other defendants fare no better. Although Stacy does not state as much, I understand her claims to arise under the Eighth Amendment's Cruel and Unusual Punishments Clause and/or the Fourteenth Amendment's Due Process Clause. As to Counselor

Sutherland, Stacy merely alleges that the counselor provided the wrong obituary to a correctional officer who then provided it to Stacy. At best, Stacy has shown that Counselor Sutherland was negligent, but mere negligent action by prison officials does not give rise to a constitutional claim. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Moreover, "only the 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *King v. Rubenstein*, 825 F.3d 206, 219 (4th Cir. 2016) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Counselor Sutherland's alleged actions fall far short of meeting this standard. As to the defendant she calls "Medical," Stacy has not identified any action or inaction of this defendant which allegedly caused her injuries. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Moreover, to the extent that Stacy asserts deliberate indifference to serious medical needs claims, she has failed to adequately state them. The applicable test for such claims depends upon whether a plaintiff was convicted or was a pretrial detainee when the events at issue occurred. *See Lynch v. Hill*, No. 7:25-cv-00753, 2026 WL 1046595, at *2-4 (W.D. Va. Apr. 17, 2026). Assuming that Stacy was convicted, then her deliberate indifference claims would arise under the Eighth Amendment. *Id.* at 2. To state an Eighth Amendment deliberate indifference claim, a plaintiff must show both "an objective component and a subjective component." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). "The objective component . . . is satisfied by a serious medical condition," meaning one that "has 'been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* "The subjective component is satisfied by proof of a defendant's deliberate indifference," which is shown where a defendant "had actual knowledge of the

[plaintiff's] serious medical needs and the related risks [ ] but nevertheless disregarded them." *Id.*

Here, Stacy has not proffered sufficient facts to support a finding that she suffered from a serious

medical condition or that the defendants had actual knowledge of such a condition.

Assuming that Stacy was a pretrial detainee, then her deliberate indifference claims

would arise under the Fourteenth Amendment. *See Lynch*, 2026 WL 1046595, at *4. To state a

deliberate indifference to serious medical needs claim under the Fourteenth Amendment, a

plaintiff must allege:

> (1) they had a medical condition or injury that posed a substantial
> risk of serious harm; (2) the defendant intentionally, knowingly, or
> recklessly acted or failed to act to appropriately address the risk
> that the condition posed; (3) the defendant knew or should have
> known (a) that the detainee had that condition and (b) that the
> defendant's actions or inaction posed an unjustifiably high risk of
> harm; and (4) as a result, the detainee was harmed.

*Id.* (quoting *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023)). But Stacy has not proffered

sufficient facts to support a finding that she had a medical condition or injury that posed a

substantial risk of serious harm. And without adequate facts to support that finding, I cannot say

that the other elements have been sufficiently plead.

For these reasons, I will dismiss this action without prejudice under 28 U.S.C.

§ 1915A(b)(1) for failure to state a claim upon which relief could be granted. An appropriate

order accompanies this memorandum opinion.

Enter:  April 24, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

4